## Hartman v. Gann's Administrator.

(Decided November 20, 1928.)

### Appeal from Estill Circuit Court.

1. Trial.—Where there is any evidence on question, the question must be submitted to jury.

2. Bills and Notes.—In action on note in which defendant claimed it was without consideration, question whether note was without consideration held for jury.

3. Fraud, Statute of.—An agreement to sell personally need not be in writing.

4. Bills and Notes.—Where note and chattel mortgage were given to protect mortgagor's property from a debt, and mortgagee orally agreed to sell property for mortgagor, want of consideration for note and mortgage could be shown.

5. Bills and Notes.—In suit on note in which defendant administrator filed counterclaim on a note and mortgage executed to defendant's intestate, question whether note and mortgage were executed for sole purpose of protection of mortgagor, and were without consideration, held for jury.

S. P. STAMPER and EZART ASHCRAFT for appellant.

RIDDELL & SHRUMATE for appellee.

Opinion of the Court by Commissioner Hobson—
Reversing.

Mallie Hartman brought this action against the administrator of the estate of E. L. Gann to recover on a note executed to her by Gann for $2,000, dated November 27, 1926, and due one year after date. By his answer the defendant denied that Gann executed or delivered the note or that there was any consideration for it. By counterclaim he pleaded that on November 27, 1926, she signed and delivered to Gann a note for $2,250 due in 12 months, and to secure the payment of the indebtedness executed and delivered to Gann a mortgage on a Star drilling machine. The mortgage was duly acknowledged on November 27, 1926, and was duly recorded on November 29, 1926. He prayed judgment on the note and the enforcement of the mortgage. She replied that the note and mortgage were each without consideration and never intended to be enforced, and that same were executed for the sole purpose for the protection of the plaintiff and not for the benefit of Gann, and these facts were well known to Gann at the time. The case came on for trial, and at the conclusion of the evidence the court instructed the jury peremptorily to find for the defendant, and entered judgment dismissing the petition and also dismissing the counterclaim. The plaintiff appeals.

Ezra Ashcraft, a member of the local bar at Irvine, Ky., where the parties resided, testified that on the date of the notes, Mrs. Hartman and Gann came to his office, and Mrs. Hartman asked him to write a $2,000 note for her. He did this and gave it to her, and she handed it over to Gann. She sat down and counted out the money to him and said:

"I am giving you a thousand dollars and what you owe me is the balance to make the $2,000 note."

Gann signed the note, and she gave him this money. She then said:

"This will make me hard up for money. I have a drilling machine in Breathitt county I have to pay some money on."

Gann said to her:

"If you will give me a right to sell that drilling machine I will go up there and get some money out of it for you."

Mrs. Hartman then told Ashcraft to draw the mortgage for $2,250, and he did this. She then signed the mortgage and acknowledged it before a notary public in the office. They got up and went out of the office with the mortgage. In a few minutes Gann came back in the office and said to him, "Write me a note for $2,250.00," and he wrote the note and gave it to Gann, and Gann went out. Chester Wilson testified that she and Gann came to see him, and she told him that she had a drilling machine in Breathitt county, and they were trying to attach it on Hartman's debts up there, and she asked him if he would take the machine in his name and let her give him a mortgage on it. He told her that this would not do, as there were judgments against him up there, and he said to them:

"Give Gann a mortgage on the drilling machine."

He said:

"Yes, I will take it, there isn't anything against me up there, and she came down here in town and gave a mortgage on this machine."

Clara Abner testified that she was present at the conversation with Wilson and that Gann said then:

"You put it in my name and I will sell it for you. I think I can get a sale for it."

She also testifies that she heard Gann ask her if $2,000 would satisfy her for what money he had borrowed of her, and she said that it would, and he told her to go ahead and have a note drawn up and he would sign it. Several other witnesses testified to the fact that Gann at different times borrowed money from Mrs. Hartman. He boarded with Mrs. Hartman, and had for a number of years, and called her "Ma."

There was little dispute in the evidence as to the execution of the note by Gann, but there was some evidence tending to contradict her son, who testified to seeing his mother lend Gann $500 at one time. The rule is well settled that, where there is any evidence, the question must be submitted to the jury. Here there was some evidence that Mrs. Hartman counted out $1,000 to Gann at the time the note was executed, and he accepted the money and executed the note for $2,000, acquiescing in

her statement that what he owed her on previous loans made up the balance of the amount of the note. There was therefore sufficient evidence to take the case to the jury that the note was not without consideration.

If the evidence of the witnesses was true, the note which Mrs. Hartman gave Gann for $2,250 was a mere device to protect her property from Hartman's debt, and was wholly without consideration. He took the mortgage to sell the property for her and account to her for the proceeds. An agreement to sell personalty need not be in writing. The rights of the parties are not affected by the fact that they did not put their agreement in proper form. The want of consideration may be shown. The case therefore should have been submitted to the jury under proper instructions.

Judgment reversed, and cause remanded for a new trial.